# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| REH Company, LLC<br><br>       Petitioner,<br><br>  v.<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br><br>       Respondent. | Case No. 25-1180 and consolidated cases |

### JOINT REPLY IN SUPPORT OF PETITIONERS' MOTION TO EXTEND THE TIME TO OPPOSE INTERVENTION

  Extending the deadline to oppose intervention would promote judicial economy and conserve party resources by allowing petitioners to file a single, consolidated response to all pending and future motions. The Coalition for Renewable Natural Gas and the Sustainable Advanced Biofuel Refiners Coalition have no sound answer. They concede that "additional motions to intervene may be filed" over the next two weeks. Opp. 3 (emphasis omitted). They don't dispute that the burden of responding to serial intervention motions raising essentially identical arguments would prejudice petitioners. Nor do they deny that an extension would spare the motions panel from having to review serial, overlapping

oppositions. And while the Coalitions insist that extending the deadline would prejudice them, their arguments lack merit.

The Coalitions chiefly fret that they "will be prejudiced if the Court rules on the other pending motions" to intervene "before their motion can even be considered." Opp. 4. But that's no reason to deny an extension. For one thing, if the Coalitions wanted to be at the front of the queue, they could have moved to intervene in September, as Growth Energy did. Instead, they waited until the end of October—nearly two weeks after Growth Energy's motion was fully briefed. So the Coalitions cannot complain that the Court might rule on another motion before getting to theirs. More to the point, the Coalitions never explain *how* the scenario they posit would prejudice them. If the Court extends the opposition deadline and then grants another group's intervention motion, the Coalitions could cite that order in their reply. And if the Court denies another group's motion, the Coalitions' reply could address the Court's rationale. Either way, the Coalitions are not prejudiced.

The Coalitions' remaining arguments fare no better. The Coalitions' assertion that they would somehow be prejudiced by having the resolution of their motion delayed until all statements of issues are filed is

2

baseless. *Contra* Opp. 2. If, as the Coalitions contend, they "easily established grounds for intervention with respect to the issues identified" to date, *id.*, that will be true no matter when petitioners file an opposition. Whether or not the Court grants an extension, the Coalitions will have to meet this Court's standards for intervention—and that test does not turn on when "statement[s] of issues" are filed. *Id.*

Finally, petitioners can't be faulted for failing to "provide any indication as to the likelihood of additional motions." Opp. 3. Petitioners are not privy to the biofuel industry's litigation strategy. In all events, three groups that intervened in this Court's last renewable-fuel-standard case have yet to intervene here. *See* Mot. to Intervene, *Sinclair Wyoming Refin. Co. v. EPA*, No. 22-1073, Doc. 1974619 (National Corn Growers Association); Mot. to Intervene, *id.*, Doc. 1971716 (American Coalition for Ethanol and National Farmers Union). So the prospect of further intervention motions is hardly remote.

## CONCLUSION

The Court should extend the deadline to respond to all pending and future intervention motions until December 10.

3

Dated: November 14, 2025

*/s/ Allyson N. Ho*
Allyson N. Ho
  *Counsel of Record*
Stephen J. Hammer
Robert W. Frey
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
(214) 698-3100
aho@gibsondunn.com

Lavi M. Ben Dor
M. Christian Talley
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, NW
Washington, DC 20036
(202) 955-8500

*Counsel for Petitioners*
*in No. 25-1197*

Respectfully submitted,

*/s/ Daniel J. Feith*
Daniel J. Feith
  *Counsel of Record*
Peter C. Whitfield
Peter A. Bruland
Cody M. Akins
SIDLEY AUSTIN LLP
1501 K Street, NW
Washington, DC 20005
(202) 736-8000
dfeith@sidley.com

*Counsel for Petitioner*
*in No. 25-1187*

4

## CERTIFICATE OF COMPLIANCE

This document complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font. It complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 503 words, excluding the sections listed in Rule 32(f).

*/s/ Daniel J. Feith*

## CERTIFICATE OF SERVICE

I certify that on November 14, 2025, I electronically filed this document with the Clerk of the Court using the CM/ECF System, which will send notice to all registered CM/ECF users.

                                                    */s/ Daniel J. Feith*