# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| REH Company, LLC<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br><br>　　　　　　　　　Respondent. | Case No. 25-1180 and consolidated cases |

**MOTION TO SEVER AND HOLD IN ABEYANCE**
**CASE NOS. 25-1246, 25-1247, AND 25-1248**

　　Petitioners Alon USA, LP (No. 25-1246), Hunt Refining Company (No. 15-1247), and Suncor Energy (U.S.A.) Inc. (No. 25-1248) (together, "Petitioners") respectfully move to sever the above-listed cases from the cases consolidated with No. 25-1180, and hold the severed cases in abeyance pending disposition of their respective regional-circuit companion case. In support of this motion, Petitioners state as follows:

　　1.　On October 27, 2025, Petitioners filed in the regional circuits in which their respective refineries are located petitions for review challenging EPA's August 2025 decisions on Petitioners' applications for a small-refinery exemption from their compliance obligations under the

Renewable Fuel Standard. *See Alon USA, LP v. EPA*, No. 25-60584 (5th Cir.); *Suncor Energy (U.S.A.) Inc. v. EPA*, No. 25-9582 (10th Cir.); *Hunt Refining Co. v. EPA*, No. 25-13759 (11th Cir.).

2. Those petitions were properly filed in the regional circuits because the EPA's adjudication of Petitioners' small-refinery-exemption applications is a "locally or regionally applicable" action which is not "based on a determination of nationwide scope or effect." 42 U.S.C. § 7606(b)(1); *see generally EPA v. Calumet Shreveport Refining, L.L.C.*, 145 S. Ct. 1735 (2025).

3. EPA has nevertheless taken the position that "petitions for review of these actions must be filed in the D.C. Circuit." 90 Fed. Reg. 41829, 41831 (Aug. 27, 2025). The agency reached that conclusion based on three elements of their decisions, none of which are at issue in the regionally filed petitions for review.

4. Accordingly, on October 27, 2025, Petitioners filed in this Court protective petitions for review challenging EPA's action. *See N.Y. Republican State Comm. v. SEC*, 799 F.3d 1126, 1134–35 (D.C. Cir. 2015) (petitioners should file "a protective petition" if "any doubt as to the proper forum exists"). The Clerk docketed those petitions under the case

2

numbers listed above, then consolidated the cases with numerous other cases challenging EPA's August 2025 decisions.

5. This Court need not adjudicate any of the protective petitions unless venue in one or more of the regional circuits is deemed improper. Severing the protective-petition cases and holding them in abeyance pending disposition of their respective regional-circuit companion cases would save both the Court's and the parties' resources.

6. The deadline for EPA to file a motion to dismiss for lack of appellate jurisdiction in the Tenth Circuit is December 10, 2025. In addition, the Eleventh Circuit has directed the parties in *Hunt Refining Co. v. EPA*, No. 25-13759 (11th Cir.) to brief whether that case belongs in the Eleventh Circuit or D.C. Circuit by December 5, 2025. To the extent any of the regional circuits deems this Court the proper venue for challenging EPA's decision, the corresponding Petitioner will promptly notify the Court so that its petition can be re-consolidated with No. 25-1180.

7. Counsel for Petitioners emailed counsel for EPA on November 25 to seek EPA's position on this motion. Counsel for EPA has not responded as of the time of this filing.

## CONCLUSION

The Court should sever Nos. 25-1246, 25-1247, and 25-1248 from the cases consolidated with No. 25-1180 and hold the severed cases in abeyance pending disposition of their respective regional-circuit cases.

Dated: November 26, 2025              Respectfully submitted,

/s/ *Daniel J. Feith*
Daniel J. Feith
  *Counsel of Record*
Peter C. Whitfield
Peter A. Bruland
Cody M. Akins
Sidley Austin LLP
1501 K Street, NW
Washington, DC  20005
(202) 736-8000
dfeith@sidley.com

*Counsel for Petitioners in Nos. 25-1246, 25-1247, & 25-1248*

4

## CERTIFICATE OF COMPLIANCE

This motion complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font. It complies with Federal Rule of Appellate Procedure 27(d)(2) because it contains 494 words, excluding the sections listed in Rule 32(f).

*/s/ Daniel J. Feith*
Daniel J. Feith

## CERTIFICATE OF SERVICE

I certify that on November 26, 2025, I electronically filed this document with the Clerk of the Court using the CM/ECF System, which will send notice to all registered CM/ECF users.

*/s/ Daniel J. Feith*
Daniel J. Feith
