ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| REH COMPANY LLC, *Petitioner*, v. U.S. ENVIRONMENTAL PROTECTION AGENCY, *Respondent*. | Case No. 25-1180 (and consolidated cases) |

## OPPOSITION TO MOTION TO SEVER AND HOLD IN ABEYANCE CASE NOS. 25-1246, 25-1247, AND 25-1248

Respondents United States Environmental Protection Agency ("EPA") and United States Department of Energy oppose Petitioners' request to sever and place their petitions in abeyance. Petitioners Alon USA, Hunt Refining Company, and Suncor Energy (hereinafter, the "Moving Petitioners") seek to sever their cases from this matter and hold those cases in abeyance "pending disposition of their respective regional-circuit companion case[s]." Doc. 2147215 ("Mot.") at 1. For the reasons stated below, this motion should be denied.

1. This matter arises out of approximately forty petitions challenging EPA's "August 2025 Decisions on Petitions for RFS Small Refinery Exemptions," EPA-420-R-25-010, noticed in the Federal Register at 90 Fed. Reg. 41829 (August

27, 2025). In addition to filing actions in this Circuit, the Moving Petitioners also filed three petitions challenging those decisions in regional circuits—the Fifth, Tenth, and Eleventh. *See Alon USA v. EPA, et al.* (5th Cir. No. 25-60584); *Suncor Energy, Inc. v. EPA, et al.* (10th Cir. No. 25-9582); *Hunt Refining Co. v. EPA, et al.* (11th Cir. No. 25-13759).

    2.    As the Moving Petitioners acknowledge, *see* Mot. ¶ 3, EPA has made a finding that petitions seeking to challenge any of the August 2025 Decisions must be filed in this Circuit because the Decisions are based on determinations of nationwide scope or effect. 90 Fed. Reg. 41829, 41831 (Aug. 27, 2025).

    3.    The Moving Petitioners seek to sever their D.C. Circuit petitions and place those matters in abeyance, asserting that "[t]his Court need not adjudicate any of the protective petitions unless venue in one or more of the regional circuits is deemed improper." Mot. ¶ 5.

    4.    As their Motion acknowledges, *id.* ¶ 6, in *Hunt Refining Co.*, the Eleventh Circuit directed the parties to brief the question of proper venue by December 5, 2025, and Respondents will be filing a brief explaining why venue in the D.C. Circuit is proper. Respondents also intend to move to dismiss or transfer venue to this Court in the Fifth and Tenth Circuit matters. Respondents will file their motion in the Tenth Circuit matter by the December 10, 2025 deadline and

intend to file their motion in the Fifth Circuit matter no later than December 16, 2025.

5. Respondents have also filed an unopposed motion in this matter to extend their deadline to lodge the certified indexes for the consolidated cases until January 30, 2026, and have requested that the Court set a deadline of January 15, 2026, for the parties to submit a proposed briefing schedule. *See* Doc. 2147215.

6. Severing the Moving Petitioners' cases and placing them into abeyance is premature. This case is still in its early stages, with briefing proposals still to be negotiated. And if Respondents' pending extension motion is granted, a certified index will not be lodged for nearly two months. Conversely, briefs regarding venue will be filed in the Eleventh Circuit today, and Respondents will file motions on this issue in the Fifth and Tenth Circuits in the very near future. Therefore, the question of proper venue in some or all of the regional circuits likely will be resolved well in advance of any briefing deadline established in this case.[1]

WHEREFORE, for the reasons stated, the Court should deny the Motion to Sever as premature or, alternatively, defer ruling on the motion until the Fifth and Tenth Circuits resolve Respondents' forthcoming motions to dismiss, and the

---

[1] If any of the regional circuits do not dismiss or transfer venue and that case proceeds to merits briefing, Respondents would not oppose severing and placing the corresponding petition in an abeyance pending resolution of the regional petition for review.

Eleventh Circuit resolves its jurisdictional question. Respondents' will promptly notify this Court of any action those courts take with respect to the issue of venue.

                                Respectfully submitted,

                ADAM R.F. GUSTAFSON
                  *Principal Deputy Assistant Attorney General*

                ROBERT STANDER
                *Deputy Assistant Attorney General*

                *s/ Alexander M. Purpuro*
                REDDING C. CATES
                MIRANDA M. JENSEN
                ALEXANDER M. PURPURO
                  Environmental Defense Section
                  Environment & Natural Resources Division
                  U.S. Department of Justice
                  P.O. Box 7611
                  Washington, D.C. 20044
                  Tel: (202) 353-5561 (Cates)
                  Tel: (202) 598-3071 (Jensen)
                  Tel: (202) 353-5230 (Purpuro)
                  Fax: (202) 514-8865
                  Redding.Cates@usdoj.gov
                  Miranda.Jensen@usdoj.gov
                  Alexander.Purpuro@usdoj.gov

                *Counsel for Respondents*

Dated: December 5, 2025

## **CERTIFICATE OF SERVICE AND COMPLIANCE**

I hereby certify that on December 5, 2025, I electronically filed the foregoing Opposition with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the CM/ECF system, which will send notification of such filing to all counsel of record.

This document complies with the length limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), the document contains 624 words by Microsoft Word for Microsoft 365's word count utility.

This document complies with the typeface and type style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)–(6), because it was prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Times New Roman.

Dated:  December 5, 2025                    *s/ Alexander M. Purpuro*
                                            ALEXANDER M. PURPURO
                                            Attorney for Respondents