# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| REH COMPANY, LLC<br><br>                Petitioner,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>                Respondent. | Case No. 25-1180<br>(consolidated) |

## MOTION FOR LEAVE TO INTERVENE

Pursuant to Federal Rule of Appellate Procedure 15(d), American Refining Group, Inc.; Calumet Montana Refining, LLC; Calumet Shreveport Refining, LLC; CountryMark Refining; Ergon Refining, Inc.; Ergon-West Virginia, Inc.; Par Montana, LLC; Placid Refining Company LLC; San Joaquin Refining Co., Inc.; The San Antonio Refinery LLC; U.S. Oil & Refining Company; Wynnewood Refining Co., LLC; and Wyoming Refining Company (collectively, "Small Refineries") move for leave to intervene in support of Respondent the United States Environmental Protection Agency ("EPA"), in opposition to the petitions for review filed by Growth Energy and Renewable Fuels Association ("Biofuels Petitioners") in these consolidated cases. *See* Nos. 25-1226, ECF Dkt. 2142157 (Oct. 24, 2025) (Growth Energy Petition for Review); 25-1228, ECF Dkt.

2142118 (Oct. 24, 2025) (Renewable Fuels Association Petition for Review).*

The Clean Air Act requires EPA to grant a small refinery an exemption from the Act's Renewable Fuel Standard ("RFS") where compliance with the RFS would cause the refinery to experience disproportionate economic hardship. 42 U.S.C. § 7545(o)(9)(B)(i). Intervenor Small Refineries each submitted petitions to EPA for small-refinery hardship relief for various compliance years. In the administrative actions challenged in the petitions for judicial review at issue here, EPA granted full or partial exemptions to some petitions for hardship relief submitted by the Small Refineries, denied others, and determined some petitioners to be ineligible. EPA, *August 2025 Decisions on Petitions for Small Refinery Exemptions Under the Renewable Fuel Standard Program*, 90 Fed. Reg. 41,829 (Aug. 27, 2025) ("August 2025 Decisions").

Biofuels Petitioners have confirmed in their recently filed statement of issues that they are challenging various aspects of EPA's August 2025 decisions to grant exemptions to small refineries. Biofuels Petitioners contend that EPA's decisions were arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. *See* No. 25-1180, ECF Dkt. 2417167 at 1-2 (Nov. 25, 2025) (Growth Energy's Statement of the

---

* Pursuant to D.C. Circuit Rule 15(b), this motion should be deemed a motion to intervene in all appeals that have been filed in this Court involving the same underlying EPA action.

2

Issues); No. 25-1180, ECF Dkt. 2147414 at 2 (Nov. 26, 2025) (Renewable Fuels Association's Statement of the Issues).

The Small Refineries have a very significant interest in this case, in particular in defending the full and partial grants of hardship relief that EPA granted to the Small Refineries in the August 2025 Decisions. Without those hardship exemptions, Small Refineries would suffer disproportionate economic hardship and be forced to incur exorbitant costs for compliance under the RFS. Those would include a requirement to purchase large quantities of renewable identification numbers ("RINs")—credits used to comply with annual RFS obligations—at extraordinary cost in an inflated RIN market and the prospect of penalties for any shortfall. Accepting the Biofuels Petitioners' arguments would thus impose crushing, potentially existential economic burdens on the Small Refineries. The relief Biofuels Petitioners seek—undoing those full and partial exemptions—is therefore directly and acutely adverse to the interests of the Small Refineries, who would be forced to absorb extraordinary compliance costs and business disruptions if the exemptions are set aside.

This Court has already granted a request by other small refinery petitioners to intervene in opposition to Biofuels Petitioners' arguments. This Court should now grant the Small Refineries' intervention request here, so that the Court can consider the perspectives of other affected parties on Biofuels Petitioners' arguments.

## BACKGROUND

The Clean Air Act's RFS program requires that increasing amounts of renewable fuels be blended into the transportation fuel (gasoline and diesel) sold in the United States. 42 U.S.C. §§ 7545(o)(2)(A)(i), (B)(i)(I)-(IV); *see HollyFrontier Cheyenne Refin., LLC* v. *Renewable Fuels Ass'n*, 594 U.S. 382, 385-387 (2021). Each year, EPA sets annual renewable fuel percentage standards across the industry. § 7545(o)(3). Obligated parties—refiners and importers of transportation fuel—use those standards to learn their own annual volume obligations for each renewable-fuel category. *See id.*; 40 C.F.R. § 80.1406.

Obligated parties comply with their annual RFS obligations by "retiring" credits called RINs. 40 C.F.R. § 80.1427. A RIN is generated when renewable fuel (ethanol, for example) is manufactured. *Id.* § 80.1426. The RIN remains attached to the volume of renewable fuel until it is blended into transportation fuel, at which point the RIN is "separated." *Id.* §§ 80.1428, 80.1429. RINs have a limited life; they can be used for compliance only in the year they are generated or the next compliance year. § 7545(o)(5)(C).

A "small refinery" has an average aggregate daily crude oil throughput for a calendar year of 75,000 barrels or less. § 7545(o)(1)(K). Congress recognized that "escalating [RFS] obligations could work special burdens on small refineries," many of which "lack the inherent scale advantages of large refineries" and are limited in their ability to blend renewable

4

fuels—or are unable to blend at all. *HollyFrontier*, 594 U.S. at 386 (cleaned up).

To avoid damaging small refineries, Congress created a permanent safety valve that allows a small refinery to petition EPA for an exemption from its annual RFS obligation "for the reason of disproportionate economic hardship." § 7545(o)(9)(B)(i). Each granted petition frees a small refinery from its RFS obligation for the year(s) involved in the petition, based on that refinery's economic circumstances. § 7545(o)(9)(B)(i)-(ii); 40 C.F.R. § 80.1441(e)(2). Here, Small Refineries sought hardship relief for certain compliance years because structural market and logistical constraints make RFS compliance disproportionately burdensome.

In August 2025, EPA decided 175 small-refinery-exemption applications. August 2025 Decisions. EPA granted full or partial exemptions to the Small Refineries here based on their demonstrated showing of disproportionate economic hardship from the RFS. *See id.* Where a refinery had not yet retired RINs for a covered year, the exemption relieved, in whole or in part, its obligation to demonstrate compliance for that year. *See id.* Where a refinery had already retired sufficient RINs, EPA returned some of those RINs. *See id.* Those returned RINs can be sold, or to the extent they are unexpired, they may be used to satisfy future RFS obligations. *See id.* In practice, a full or even partial exemption can confer millions of dollars in regulatory relief on a small refinery.

5

Multiple parties—including the Small Refineries and Biofuels Petitioners—have petitioned this Court for review of EPA's August 2025 Decisions. The Biofuels Petitioners include two trade associations for ethanol producers, Growth Energy and the Renewable Fuels Association. *See* No. 25-1226, ECF Dkt. 2142157 at 2; No. 25-1228, ECF Dkt. 25-1228, ECF Dkt. 2142118 at 3. The Biofuels Petitioners have also moved to intervene in support of EPA in actions—including by the Small Refineries—challenging EPA's *denial* of certain hardship exemptions. *See* No. 25-1180, ECF Dkts. 2137689, 2140424.

Biofuel Petitioners assert that they were injured when EPA granted small-refinery hardship relief in accordance with the statutory requirement, because exemptions purportedly reduce demand for renewable fuels such as ethanol. *See* No. 25-1180, ECF Dkt. 2137689 at 4; ECF Dkt. 2140424 at 7. Consistent with that position, Biofuel Petitioners have recently clarified that they intend to challenge EPA's grants of full or partial small-refinery exemptions for every small refinery that received some relief. *See* No. 25-1180, ECF Dkt. 2417167 at 1-2; ECF Dkt. 2147414 at 2. In short, Biofuel Petitioners seek to have this Court revoke the small-refinery exemptions issued here. If their arguments are accepted, then the Small Refineries will face significant economic harm.

## ARGUMENT

Intervention under Federal Rule of Appellate Procedure 15(d) is governed by the criteria for intervention in district court under Federal

6

Rule of Civil Procedure 24. *See Massachusetts Sch. of Law at Andover, Inc.* v. *United States*, 118 F.3d 776, 779 (D.C. Cir. 1997). The criteria for intervention as of right are: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Karsner* v. *Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008). The Small Refineries' motion meets all four criteria.

Similarly, Rule 24(b)(1)(B) permits "anyone to intervene who … has a claim or defense that shares with the main action a common question of law for fact." The Small Refineries satisfy the criteria for permissive intervention, too.

## I.  The Small Refineries are entitled to intervene as of right.

### A.  This motion is timely.

Timeliness is a flexible standard evaluated in light of "all the circumstances." *Roane* v. *Leonhart*, 741 F.3d 147, 151 (D.C. Cir. 2014). It turns on when the movant "knew or should have known that any of its rights would be directly affected by the litigation," not on a rigid clock. *Roeder* v. *Islamic Rep. of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003). Intervention within 30 days of a petition for review is per se timely under Federal Rule of Appellate Procedure 15(d). But 30 days is not a hard and fast limit; the timeliness inquiry focuses instead on avoiding disruption and prejudice. *Roane*, 741 F.3d at 151. This motion satisfies that standard.

7

The Small Refineries are moving just over one month after the Biofuels Petitioners filed their statements of issues, which confirmed their plan to directly challenge EPA's grants—full and partial—of hardship relief to the Small Refineries here. *See, e.g.*, No. 25-1180, ECF Dkt. 2147414 at 2 (Nov. 26, 2025). Additionally, no briefing schedule has been set in this case, so Small Refineries' intervention now will not delay these proceedings. And because this Court has already granted intervention to other small refineries, *see* No. 25-1180, ECF Dkt. 2151769 (Dec. 23, 2025), granting Small Refineries' intervention motion here will not require any additional briefing. Intervention thus does not disrupt any proceeding or prejudice any party and so is timely.

### B. Small Refineries have a legally protected interest in this action.

A movant has a legally protected interest where it "will either gain or lose by the direct legal operation and effect of the judgment." *United States* v. *Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1292 (D.C. Cir. 1980). This Court has therefore allowed intervention when the movant is "directly subject to the challenged Rule." *Military Toxics Project* v. *EPA*, 146 F.3d 948, 954 (D.C. Cir. 1998).

That standard is easily met here. Small Refineries have a protected interest because they are regulated parties, "directly subject to the challenged [regulatory decisions]." *Military Toxics Project*, 146 F.3d at 954. Moreover, Biofuels Petitioners seek vacatur of the hardship relief

8

granted *to the Small Refineries* based on their demonstrated showing of disproportionate economic hardship from compliance with the RFS. *See* No. 25-1180, ECF Dkt. 2417167 at 1-2; No. 25-1180, ECF Dkt. 2147414 at 2. If Biofuel Petitioners were to prevail, the Small Refineries would lose that relief and be forced to shoulder the disproportionate economic hardship and the full weight of the RFS obligations. *See* 40 C.F.R. §§ 80.1406(b), 80.2. That is precisely the kind of gain-or-loss that cases like *American Telephone* describe. *See* 642 F.2d at 1292.

### C. Biofuels Petitioners seek a judgment that would impair Small Refineries' interests.

Rule 24(a)(2) requires Courts to consider the potential outcomes of the litigation—whether disposition of the action "may as a practical matter impair or impede" the movant's ability to protect its interest. *Am. Tel. & Tel. Co.*, 642 F.2d at 1292; *Mandan, Hidatsa, & Arikara Nation* v. *U.S. Dep't of Interior*, 66 F.4th 282, 286 (D.C. Cir. 2023).

That standard is plainly met here. Small Refineries are structurally disadvantaged under the RFS. *HollyFrontier*, 594 U.S. at 386. Biofuels Petitioners seek to exacerbate this by seeking vacatur of the relief that EPA granted to the Small Refineries, because the RFS program would otherwise impose disproportionate economic hardship on them. August 2025 Decisions. If Biofuels Petitioners prevail, the Small Refineries will lose that relief, immediately restoring the full weight of the RFS's obligations. At best, re-establishing relief would be uncertain, difficult, and

9

burdensome; at worst, the loss would be permanent. *See Fund for Animals, Inc.* v. *Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003); *Military Toxics Project*, 146 F.3d at 954; *American Telephone*, 642 F.2d at 1292.

### D. The other parties do not adequately represent Small Refineries' interests.

EPA cannot adequately represent Small Refineries' interests. This Court "look[s] skeptically on government entities serving as adequate advocates for private parties," and the showing required to establish inadequate representation is "minimal." *Crossroads Grassroots Policy Strategies* v. *FEC*, 788 F.3d 312, 321 (D.C. Cir. 2015) (a motion should be denied only if adequacy of representation is "clear"); *accord Trbovich* v. *United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *Dimond* v. *District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986).

Small Refineries easily meet that burden. EPA's institutional, public-interest mandate is not coextensive with Small Refineries' particular economic interests in preserving refinery-specific relief and returned RINs; "[i]t is apparent that [EPA] and [Small Refineries] hold different interests." *Crossroads*, 788 F.3d at 321. Small Refineries need not "rely on a doubtful friend to represent [their] interests, when [they] can represent [themselves]." *Id.*; *see also NRDC* v. *Costle*, 561 F.2d 904, 912-913 (D.C. Cir. 1977) (private intervenor's "more narrow" interests can meaningfully supplement agency defense); *Fund for Animals*, 322 F.3d at 737

10

(government expected to represent "the general public interest," not each private stake).

The Biofuels Petitioners seek vacatur of the exemptions the Small Refineries seek to preserve, and are therefore directly adverse to Small Refineries. At minimum, representation of Small Refineries' interests "may be" inadequate—which is all Rule 24(a)(2) requires. *Dimond*, 792 F.2d at 192.

## II. Alternatively, the Court should grant permissive intervention.

Even if intervention as of right were unavailable, the Court should grant permissive intervention. Rule 24(b)(1)(B) permits intervention when the movant's "claim or defense" shares a common question of law or fact with the main action. This Court has declined to read "claim or defense" narrowly and has treated Rule 24(b) as a vehicle for third parties to be heard. *EEOC* v. *Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046-1047 (D.C. Cir. 1998). Small Refineries seek to address the same basic legal and factual issues the Biofuels Petitioners present—whether EPA lawfully granted small-refinery exemptions and the consequences of setting those exemptions aside—so the common-question requirement is satisfied.

Permissive intervention would also not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). This motion is timely; no briefing schedule has been set, and the Small

11

Refineries will adhere to any briefing schedule and word limits the Court ultimately imposes. Indeed, the cases are already consolidated and will include other intervenors, like Biofuel Petitioners themselves. Allowing the Small Refineries to also participate as intervenors promotes fairness and judicial economy without burdening the Court or the parties. And as mentioned above, this Court has already allowed intervention in this case by other small refineries in essentially the same posture. Permissive intervention should therefore be granted if intervention as of right is not.

## CONCLUSION

The Court should grant Small Refineries leave to intervene.

Dated: December 30, 2025

Respectfully submitted,

/s/ *Michael R. Huston*
Michael R. Huston
PERKINS COIE LLP
2525 E. Camelback Road
Phoenix, AZ 85016
Phone: 202.434.1630
mhuston@perkinscoie.com

*Attorney for Petitioners*

12

# CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,497 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the same program used for the word count).

Dated: December 30, 2025

                                        */s/ Michael R. Huston*
                                        Michael R. Huston

## CERTIFICATE OF SERVICE

  I hereby certify that on December 30, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: December 30, 2025

             */s/ Michael R. Huston*
             Michael R. Huston