# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-1180**                    **September Term, 2025**

**EPA-90FR41829**
**EPA-90FR52385**

**Filed On:**  April 7, 2026

REH Company, LLC,

       Petitioner

    v.

Environmental Protection Agency,

       Respondent

------------------------------

Coalition for Renewable Natural Gas, et al.,
         Intervenors

------------------------------

Consolidated with 25-1195, 25-1196,
25-1203, 25-1204, 25-1205, 25-1206,
25-1207, 25-1208, 25-1209, 25-1210,
25-1211, 25-1212, 25-1213, 25-1214,
25-1219, 25-1226, 25-1228, 25-1229,
25-1230, 25-1231, 25-1232, 25-1233,
25-1234, 25-1235, 25-1236, 25-1237,
25-1238, 25-1239, 25-1240, 25-1241,
25-1242, 25-1243, 25-1244, 25-1245,
25-1249, 25-1276, 25-1277, 25-1281,
26-1010

    **BEFORE:**    Wilkins, Katsas, and Rao, Circuit Judges

## O R D E R

### PROTECTIVE ORDER GOVERNING
### CONFIDENTIAL BUSINESS INFORMATION

This Protective Order ("Order") shall govern the parties' production, use, and submission of Confidential Business Information or material claimed as Confidential

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-1180**                                    **September Term, 2025**

Business Information (together "CBI") in the course of case No. 25-1180 and all consolidated cases, shall preclude inappropriate use of such CBI for purposes other than case No. 25-1180, and constitutes a court order for the purposes of 40 C.F.R. § 2.209(d). This Order does not alter the requirement in certain regulations, e.g., 40 C.F.R. § 2.209(d), to notify non-parties that the U.S. Environmental Protection Agency ("EPA" or "Agency") intends to disclose CBI to a non-EPA party. If EPA will be disclosing the CBI of a non-party, found in Agency files, to a non-EPA party in the litigation, EPA may be required to notify the non-party either directly or by notice published in the Federal Register. This Order does not address the validity of any CBI claim that has been or will be made under federal statutes and regulations.

1.      EPA shall not consider any disclosure of CBI in the course of litigation of Case No. 25-1180 and the cases consolidated under that case number to persons other than EPA to be a waiver of such claim of confidentiality as to EPA or to be a public disclosure of such information, if the disclosure is made pursuant to the terms of this Order. No document containing, referring to, or otherwise disclosing CBI shall be publicly filed with the Court. CBI shall be submitted to the Court only under seal in accordance with D.C. Circuit Rule 47.1 and Paragraph 3(b) of this Order.

2.      CBI shall include:

(a)      Material identified as "Contains Material Claimed as CBI" in the Index of Documents attached to EPA's Administrative Record Certification for Case No. 25-1180 and cases consolidated under that case number, or on the face of any individual document.

(b)      Material that was not accompanied by a claim of confidentiality when provided to EPA but about which, in the good-faith opinion of EPA, an affected business might be expected to assert such a claim if it knew that EPA proposed to disclose the information pursuant to the restrictions in 40 C.F.R. Part 2, Subpart B, "Confidentiality of Business Information."

(c)      Material or information that was submitted to EPA under a claim of confidentiality, including material constituting trade secrets or CBI pursuant to 40 C.F.R. Part 2, Subpart B, the Freedom of Information Act ("FOIA"), Trade Secrets Act of 15 U.S.C. § 1905, or other federal statutes or regulations.

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 25-1180**                    **September Term, 2025**

(d)    Material, including all notes, memoranda, and calculations, that, if disclosed, may in the good-faith opinion of any party reveal information that could be claimed as CBI.

Information that is or becomes publicly available through means other than as a result of a violation of this Order or a violation of other relevant confidentiality requirements (including those imposed upon EPA) shall not constitute CBI, and to the extent that a party obtains information outside the context of Case No. 25-1180 and cases consolidated under that case number by means other than violating this Order or violating other relevant confidentiality requirements (including those imposed upon EPA), that party shall not be limited in its use of such information by this Order.

3.    For Case No. 25-1180 and cases consolidated under that case number, CBI shall be designated, marked, and managed as follows:

(a)    Respondent EPA will file an Administrative Record Certification in Case No. 25-1180 as the lead of the consolidated cases, and, subject to this Order, will produce documents identified in the Index of Documents that the non-EPA parties request.[1]  The requested documents may contain CBI as defined in this Order. Materials designated by EPA on the Index of Documents as containing claimed CBI are, in all respects, considered to be "SUBJECT TO PROTECTIVE ORDER IN CASE NO. 25-1180 (D.C. CIR.)."  In any production of these documents to any non-EPA party to case No. 25-1180, EPA shall so indicate on each page of the document for which a CBI claim is asserted that the CBI is "SUBJECT TO PROTECTIVE ORDER IN CASE NO. 25-1180 (D.C. CIR.)."

(b)    Briefs, pleadings, and other material filed with the Court that contain or disclose CBI shall be filed in accordance with D.C. Circuit Rule 47.1, with two sets of briefs filed (one sealed, one redacted) and all pages that include CBI filed only under seal.  For purposes of compliance with D.C. Circuit Rule 47.1, and because of the burdens and delay associated with a comprehensive page-by-page review for specific CBI in the administrative record, the entirety of a document or other material identified as containing CBI in the Administrative Record Certification shall be treated as containing CBI unless specifically designated otherwise.

---

[1]  "Parties" under this order shall include all petitioners, respondents, intervenors, and movant-intervenors in cases consolidated with Case 25-1180.

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-1180**                                    **September Term, 2025**

(c)     Except for material designated and produced by EPA as part of the Administrative Record Certification or as otherwise containing CBI for case No. 25-1180 and cases consolidated under that case number, pursuant to Paragraphs 2(a) and 3(a), for the production or disclosure of documents containing CBI, a party may designate as containing CBI any portion of a document, material, or other information (electronic or otherwise) in the course of case No. 25-1180. Those portions of documents or other material containing CBI shall be marked "SUBJECT TO PROTECTIVE ORDER IN CASE NO. 25-1180 (D.C. CIR.)." If only a portion or portions of the material on a page qualifies for protection under this Order, the party claiming CBI must identify the protected portion or portions by making appropriate markings in the margin. The party asserting or preserving a claim of CBI shall also make available a version of the document that redacts only those portions for which it has asserted or preserved a claim of CBI.

(d)     A party who intends, during any hearing in Case No. 25-1180 or cases consolidated under that case number, to present argument or other material containing CBI shall so advise the other parties and the Court so that any appropriate steps may be taken before such presentation or reference is made and shall arrange for the pages of any transcript containing such information to be marked "SUBJECT TO PROTECTIVE ORDER IN CASE NO. 25-1180 (D.C. CIR.)." Any party or parties participating in the hearing may submit a motion to the Court providing suggested procedures or protocols to protect the confidentiality of CBI at that hearing, including but not limited to moving for a closed hearing.

4.     CBI shall be received by and held in strict confidence by the non-EPA parties and shall be used only for the purposes of Case No. 25-1180 and consolidated cases and shall not be used by non-EPA parties (except by the owner of such information) for any purpose outside of Case No. 25-1180 and consolidated cases. Except as provided in Paragraph 7 of this Order, CBI may be disclosed only to: (i) the Court and court personnel, including any court reporters, provided that any pleading or other document filed with the Court that contains or discloses material designated as CBI is filed under seal according to Paragraph 3(b) of this Order, and (ii) the following persons after signature by each such person of the Certification (Attachment A hereto) that the person has received a copy of this Order and agrees to be bound thereby, and under the conditions described (collectively "Qualified Persons"):

(a)     Outside counsel retained by the non-EPA parties to represent them in Case No. 25-1180 or cases consolidated under that case number, including

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-1180**                    **September Term, 2025**

employees, contractors, and clerical, secretarial, and paralegal support staff.  Such counsel have the obligation to reasonably limit and control the number of employees, contractors, and support staff who have access to CBI received from other parties and to ensure that each such person is aware of and complies with the terms and conditions of this Order.

(b)    In-house litigation counsel for the non-EPA parties and their respective employees assisting in Case No. 25-1180 or cases consolidated under that case number.  Such counsel have the obligation to reasonably limit and control the number of employees who have access to CBI received from other parties and to ensure that each such person is aware of and complies with the terms and conditions of this Order.

(c)    Employees or contractors of the United States involved in case No. 25-1180, the consolidated cases, or the underlying final actions being challenged who have a need to access CBI.

5.    No person who is a Qualified Person as defined in this Order may further disseminate any CBI except as expressly authorized in this Order unless required by law, including a court order.

6.    Counsel of record for each party shall be responsible for obtaining all Certifications required by this Order in advance of any disclosure that may be permitted by this Order, and maintaining in safekeeping all original Certifications.

7.    Nothing in this Order shall limit a non-EPA party's use of its own CBI, or prevent a non-EPA party from disclosing its own CBI to any person.  Such disclosures shall not affect any "Confidential Business Information" or "CBI" designation made pursuant to the terms of this Order, so long as disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

8.    Except for material designated and produced by EPA as part of the Administrative Record Certification or otherwise designated as containing CBI for case No. 25-1180 and the consolidated cases pursuant to Paragraphs 2(a) and 3(a), any non-EPA party may challenge the designation of some or all of the content of a document as CBI by serving written notice of such challenge on counsel for the non-EPA party that made the designation at least sixty (60) days prior to the deadline for the filing of EPA's response brief, or within thirty (30) days of receiving

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-1180**                                          **September Term, 2025**

documentation or material for which CBI has been claimed, whichever is later.  The non-EPA party opposing the CBI designation may then file an appropriate motion or other submission with the Court, which may include a request for redacted versions of documents that contain both CBI and non-CBI information.  Challenged material that is the subject of a proper motion shall be considered CBI until the motion is resolved by the Court.

9.      Confidentiality under this Order is to be maintained both during and after the final disposition of Case No. 25-1180 and the cases consolidated under that case number, unless ordered otherwise by the court after hearing from the parties.  After the conclusion of Case No. 25-1180, any cases consolidated under that case number, and any appeal of those cases, the non-EPA parties in receipt of CBI that they do not own shall destroy or return such CBI to counsel for the non-EPA party that owns such CBI, including all copies thereof, provided that outside counsel of record for each non-EPA party in receipt of CBI that it does not own may maintain a copy of any briefs, pleadings, or other material filed with or presented to the Court in Case No. 25-1180 or cases consolidated under that case number.  Any documents identified in the Administrative Record Certification or otherwise designated as containing CBI and that EPA produces to the non-EPA parties shall be destroyed or returned to EPA by counsel of record for the non-EPA parties at the conclusion of the case, i.e., after resolution of any appeal.

10.      The production, use, and submission, pursuant to the terms of this Order, of CBI shall not be construed as a waiver by any person or entity of any claim of CBI.

**Per Curiam**

Page 6

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 25-1180**                                          **September Term, 2025**

ATTACHMENT A

**Certification**

I, _____, hereby certify under penalty of perjury that I have received a copy of and read the Protective Order Governing Confidential Business Information relating to the confidentiality of information in <u>REH Company, LLC v. EPA</u>, case No. 25-1180, as well as all consolidated cases, and I agree to, and will, keep information confidential in accordance with the terms of said Protective Order Governing Confidential Business Information.


_____
Signature                          Date


_____
Affiliation or Employer

Page 7